UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORRELL SANTANA COLE, | Case No. 1:22-cv-00684-HBK (PC) |
| Plaintiff, | ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| v. | |
| DEPUTY CHIEF WARDEN WHITE, JOHN DOE 2-9, | OCTOBER 17, 2023 DEADLINE |
| Defendants. | |

Korrell Santana Cole is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action. (Doc. Nos. 1, 6). Plaintiff acknowledges on the face of his Complaint that he has not exhausted his administrative remedies. (Doc. No. 1 at 14-15). Indeed, Plaintiff admits that on May 20, 2022 he "filed a 602 grievance form, a 6A-22 request for interview, and an 1824 reasonable accommodation form and has yet to receive a response on either." (*Id*.). Plaintiff filed his Complaint on June 6, 2022. (*Id*. at 6).

Under the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is a condition precedent to filing a civil rights claim. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006); *see also McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a

1    precondition to judgment, but it did not.  The actual statute makes exhaustion a precondition to
2    suit." (citations omitted)).  The exhaustion requirement "applies to all inmate suits about prison
3    life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Further, the nature of the relief sought by the
4    prisoner or the relief offered by the prison's administrative process is of no consequence.  *Booth*
5    *v. Churner*, 532 U.S. 731, 741 (2001).  And, because the PLRA's text and intent requires
6    "proper" exhaustion, a prisoner does not satisfy the PLRA's administrative grievance process if
7    he files an untimely or procedurally defective grievance or appeal.  *Woodford*, 548 U.S. at 93.  A
8    prisoner need not plead or prove exhaustion.  Instead, it is an affirmative defense that must be
9    proved by defendant.  *Jones v. Bock*, 549 U.S. 199, 211 (2007).  A prison's internal grievance
10   process, not the PLRA, determines whether the grievance satisfies the PLRA exhaustion
11   requirement.  *Id.* at 218.  However, courts may dismiss a claim if failure to exhaust is clear on the
12   face of the complaint.  *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

13         Based on the face of the Complaint, Plaintiff did not exhaust his administrative remedies
14   as to his First Amendment claim prior to filing this case.  Exhaustion is a pre-condition to
15   initiating the action.  Accordingly, Plaintiff shall show cause in writing why his First Amendment
16   claim should not be dismissed for failure to exhaust his administrative remedies.  Plaintiff is
17   warned that if he commenced this action before exhausting his administrative remedies, a
18   dismissal on this basis counts as a strike under 1915(g).  *El-Shaddai v. Zamora*, 833 F.3d 1036,
19   1043–44 (9th Cir. 2016).[1]  Alternatively, to avoid a strike, Plaintiff may file a notice to
20   voluntarily dismiss this claim without prejudice under Fed. R. Civ. P. 41.  Plaintiff may then
21   refile a new complaint after he fully exhausts his administrative remedies.  Failure to respond to
22   this Order will result in the recommendation that this action be dismissed for failure to exhaust
23   and/or failure to comply with a court order.
24         ////
25

---

26   [1] Under § 1915(g), prisoners who have brought unsuccessful suits may be barred from bringing a civil action and paying the fee on a payment plan once they have had on prior occasions three or more cases
27   dismissed as frivolous, malicious, or for failure to state a claim.  *Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020); *see also Andrews v. Cervantes*, 493 F.2d 1047, 1052 (9th Cir. 2007).
28

Accordingly, it is **ORDERED**:

1. No later than October 17, 2023, Plaintiff shall deliver to correctional officials for mailing his response to the order and show cause why this action should not be dismissed for his failure to exhaust his administrative remedies before filing suit. Alternatively, by this same date, Plaintiff deliver a "notice of voluntarily dismissal under Fed. R. Civ. P. 41" to avoid a strike.

2. Plaintiff's failure to timely to respond to this order will result in the recommendation that this action be dismissed for Plaintiff's failure to exhaust his administrative remedies prior to initiating this action and/or failure to comply with a court order.

Dated:   September 27, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE